**FILED**
JEFFREY A. APPERSON, CLERK

AUG - 4 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RUSTY SCHULER                                                         PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:02CV-280-S

DONNIE R. MASDEN, et al                                              DEFENDANTS

## JURY INSTRUCTIONS

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

Title 42, United States Code, Section 1983 makes it unlawful for any person or persons acting under color of state law to deprive another person of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Specifically, in this case, plaintiff, Rusty Schuler, claims that the defendants, Donnie Masden and Charles Peck, deprived him of his constitutional rights when they used unreasonable force against him in effectuating his arrest.

## UNREASONABLE FORCE

In order to establish his claim under 42 U.S.C. § 1983, Schuler must prove that it is more likely true than not true that:

First:  Masden, Peck, or both deprived Schuler of his constitutional rights by using unreasonable force against him during the course of arresting him;

Second:  Masden, Peck, or both were acting under color of state law when engaged in the use of unreasonable force; and

Third:  The use of unreasonable force was the proximate cause of the damages sustained by Schuler.

It is a violation of the protections of the United States Constitution for a citizen to be subjected to unreasonable force during the course of being arrested. This means that a police officer has the right to use only such force as is reasonably necessary to restrain a person in the officer's custody. In determining whether the force used in arresting Schuler was unreasonable, you must consider what degree of force a reasonable and prudent officer would have applied in effecting his arrest under the circumstances about which you have heard evidence in this case. The reasonableness of the force used must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Other factors you may consider in determining the reasonableness of the force used, if any, is the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted, if any.

The acts of the police officers must be shown to have been the result of more than simple negligence. The evidence must convince you that the acts were intentional or so unreasonable as

to evidence a disregard for a risk that is so obvious that it is assumed the defendants were aware of it and of a magnitude such that it is highly probable that harm would follow.

In this case, the parties have agreed that Donnie Masden and Charles Peck were "acting under color of state law" at the time of the incident in question, and you must therefore accept that fact as proven.

If you find that all of the above-stated elements have been proved to be more likely true than not true in regards to Donnie Masden, you will find for Schuler on Verdict Form A. Otherwise you will find for Masden on this claim. You will indicate your verdict on Verdict Form A.

If you find that all of the above-stated elements have been proved to be more likely true than not true in regards to Charles Peck, you will find for Schuler on Verdict Form B. Otherwise you will find for Peck on this claim. You will indicate your verdict on Verdict Form B.

If you have found for the plaintiff, Rusty Schuler, on any verdict form, you will determine what sum or sums of money you believe will fairly and reasonable compensate him for the injury or injuries, if any, you believe from the evidence he sustained as a direct result of the wrongful conduct of the defendants, Donnie Masden, Charles Peck, or both, with respect to the claim. You will indicate what damages, if any, you award on Verdict Form C.

With respect to the claim of excessive force, if you have found that Masden, Peck, or both used excessive force against Schuler on Verdict Form A or B, but you do not find that he sustained actual damages, you may return a verdict for the plaintiff in some nominal sum, such as $1.00. The award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.

Having awarded the plaintiff a sum of money as actual or nominal damages, you will determine whether to award punitive damages.

The law permits you to award an injured person punitive damages in order to punish the wrongdoers for any extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from the evidence that the conduct of the defendants which caused damage to the plaintiff was maliciously, wantonly, or oppressively done, then you may make an additional award of damages in such amount as you unanimously agree to be proper as punitive damages.

"Maliciously" means prompted or accompanied by ill will, spite, or grudge.

"Wantonly" means done in reckless or callous disregard of or indifference to the rights of the plaintiff.

"Oppressively" means done in a way or manner which injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability, or misfortune of another person.

You will record your verdict awarding punitive damages, if any, in the spaces provided on the verdict forms.

In determining the amount of any damages that you decide to award, whether actual, nominal, punitive, or any of them, you should be guided by dispassionate common sense. You may use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree; you will then return with your verdicts to the courtroom.